THIS DECISION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

GCP

Mailed:  September 21, 2012

Opposition No. 91205312

Musical Directions

v.

Norman W. McHugh

**Before Seeherman, Taylor, and Lykos,
Administrative Trademark Judges.**

**By the Board:**

Norman W. McHugh ("applicant") seeks to register the mark SUNDAE SERMON in standard characters for "organizing community festivals featuring music and art exhibitions" in International Class 41.[1]

On May 25, 2012, Musical Directions ("opposer") filed a notice of opposition against applicant's involved application. The notice of opposition was filed by utilizing the Board's Electronic System for Trademark Trials and Appeals ("ESTTA") filing system and includes an ESTTA filing cover page (entitled "Notice of Opposition") which identifies the

---

[1] Application Serial No. 85391069, filed on August 5, 2011, based on Section 1(a) of the Trademark Act, claiming January 23, 2010 as the date of first use and June 22, 2011 as the date of first use in commerce.

following grounds for opposition: (1) deceptiveness under Section 2(a) of the Trademark Act, (2) priority and likelihood of confusion under Section 2(d) of the Trademark Act, (3) fraud, and (4) a claim that applicant was not the rightful owner of the mark at the time of the filing of the involved application. Attached to the cover page is a pleading which sets forth allegations regarding the claim that applicant is not the rightful owner of the mark.

Answer to the notice of opposition was due by July 4, 2012. Inasmuch as no answer was filed by the due date, nor did applicant file a timely motion to extend his time to answer, the Board issued a default notice on July 13, 2012.

This case now comes before the Board for consideration of (1) applicant's motion (filed August 11, 2012) to dismiss for failure to effectuate proper service of the notice of opposition upon applicant, and (2) applicant's response to the Board's July 13, 2012 default notice.

We first turn to applicant's motion to dismiss. In support thereof, applicant contends that the certificate of service of opposer's notice of opposition, as downloaded by applicant from the TTABVUE database, "indicates that Opposer served a copy of the filing via facsimile or email (**by agreement only**) on May 25, 2012." (emphasis in original). Applicant maintains that he neither consented to electronic

service, nor did he actually receive service from opposer by facsimile, email or any other means.  In fact, applicant contends that he had absolutely no contact with opposer about this matter prior to the filing of the notice of opposition. Because applicant never agreed to service by electronic transmission, applicant argues that opposer was obligated to serve its notice of opposition by one of the other means for service specified in Trademark Rule 2.119.  Since opposer did not effect service through one of these other means, and did not claim to have done so in a proper certificate of service, applicant argues that opposer did not effectuate proper service and that this proceeding should not have been instituted. Applicant further argues that, since the deadline for filing a notice of opposition has now expired, opposer cannot cure its failure to serve applicant by now providing service by first-class mail or any other appropriate means under Trademark Rule 2.119 and, therefore, this proceeding should be dismissed.

In further support of his motion, applicant relies on the Board's decision in *Springfield, Inc. v. XD*, 86 USPQ2d 1063 (TTAB 2008), wherein the Board denied opposer's motion to file an amended notice of opposition and dismissed the opposition as a nullity inasmuch as, despite having indicated that it served a copy of its notice of opposition, opposer admitted

that it never provided actual service upon applicant.

Applicant contends that, like the *Springfield* case, since

opposer did not effectuate proper service of the notice of

opposition, this opposition should be similarly dismissed.

In response, opposer maintains that it did serve its

notice of opposition, accompanied by a letter from opposer's

counsel, upon applicant by certified first-class mail on

May 30, 2012, a date prior to the deadline for filing and

serving a notice of opposition in regard to the subject

application.[2] *See* Exhibit C of opposer's response.

Concurrently with its response, opposer submitted a copy of

the certified mailing receipt of its May 30, 2012 service at

applicant's correspondence address of record at the time of

such service. *See* Exhibit D of opposer's response. Opposer

further states that applicant's service copy of the notice of

opposition served by certified first-class mail was returned

as undeliverable by the U.S. Postal Service to opposer on June

4, 2012, notwithstanding the fact that the service copy was

addressed to applicant at his correspondence address of

record.

---

[2] Opposer also notes that the initial deadline for filing a notice of opposition to the registration of applicant's involved mark was May 31, 2012, and that it secured an extension of time to oppose up to, and including, June 30, 2012. Grant of the extension is confirmed by Office records.

In addition to service by certified first-class mail, opposer asserts that applicant was forwarded a copy of the notice of opposition by email on May 29, 2012. Opposer submitted a copy of this email in its response. *See* Exhibit F of opposer's response. Additionally, opposer maintains that six days after service by email, a response to the email came from an attorney named Vivian Kimi Tozaki, who claimed that she represents applicant, and who wanted to arrange a telephone conference with opposer regarding the opposition. *See* Exhibit G of opposer's response. Opposer further maintains that applicant was copied on Ms. Tozaki's response. *Id.*

In view of the foregoing, opposer argues that applicant was duly and properly served with the notice of opposition under Board rules and procedure, both by certified first-class mail and by electronic means, prior to the expiration of time to oppose registration of applicant's mark and, therefore, applicant's motion to dismiss should be denied.

In reply, applicant argues that, even if opposer did serve its notice of opposition by email, the parties did not agree to service by electronic means, and such service was nonetheless improper because it was effectuated four days after the filing date of the notice of opposition. Additionally, applicant maintains that the only attachment

forwarded to applicant by email was the one page copy of the notice of opposition, with no certificate of service or other information regarding the date on which the opposition was filed. Further, applicant contends that he never received the service copy of the notice of opposition served by first-class mail and, because opposer knew that applicant did not receive such service copy, opposer was obligated pursuant to Trademark Rule 2.101(b) to take additional steps to effectuate service by notifying the Board of the returned mail service copy of the notice of opposition. In view of the foregoing, applicant maintains that he has demonstrated that he was not properly served under Board rules and, therefore, the notice of opposition should be dismissed as a nullity.

Trademark Rule 2.101(b) reads in relevant part as follows:

> Any person who believes that he, she or it would be damaged by the registration of a mark on the Principal Register may file an opposition addressed to the Trademark Trial and Appeal Board and must serve a copy of the opposition, including any exhibits, on the attorney of record for the applicant or, if there is no attorney, on the applicant or on the applicant's domestic representative, if one has been appointed, at the correspondence address of record in the Office. The opposer must include with the opposition proof of service pursuant to § 2.119 at the correspondence address of record in the Office.

The Board notes that the foregoing rule does not require an opposer to provide proof of receipt of a notice

Opposition No. 91205312

of opposition, but only proof of service thereof.  The
Board finds that the copy of the certified mailing receipt
provided by opposer provides such proof of service required
under Board rules and therefore we further find that
opposer complied with the Board's service requirements as
of May 30, 2012.  The fact that opposer's service copy of
its notice of opposition served by first-class mail was
returned as undeliverable by the U.S. Postal Service does
not negate opposer's compliance with the service
requirements of the applicable rule.[3]

Although applicant did not in fact receive the copy of
the notice of opposition sent through the Postal Service,
we find no harm to applicant under the circumstances
inasmuch as applicant clearly knew about the notice of
opposition and its contents since applicant's apparent
former counsel, Ms. Vivian Kimi Tozaki, contacted opposer

---

[3] Under Trademark Rule 2.101(b), opposer was required to inform
the Board that its service copy of its notice of opposition was
returned as undeliverable within ten days of receiving the
returned copy.  In this particular case, it is unclear why the
notice of opposition was returned as undeliverable since
applicant's address of record was correct.  Even though opposer
knew that applicant was aware of the opposition, opposer
nonetheless should have notified the Board regarding its receipt
of the undeliverable service copy.  However, given the
circumstances of this case, opposer's failure to do so does not
alter our opinion herein.

on applicant's behalf to arrange a telephone conference regarding this opposition proceeding.

We recognize that the certificate of service contained in the ESTTA cover sheet of the notice of opposition and the service by first-class mail do not match. The certificate states that service was effectuated by fax or email and there is no indication that applicant had agreed to service by email or fax. Therefore, such means of service would not be proper.[4] Nevertheless we find that the incorrect wording of the certificate of service does not nullify opposer's compliance with the Board's service requirements inasmuch as opposer has submitted a copy of the certified mailing receipt of the service copy of its notice of opposition, showing that the copy was served by first-class mail on May 30, 2012, within the opposition period. The parties are advised that until such time as the parties agree, in writing, that service may be effectuated by email or fax, all papers that are required to be served must be served in compliance with Trademark Rule 2.119.

---

[4] If opposer intended for the service of the notice of opposition by email to be a courtesy copy, it was incorrect for opposer to state in the ESTTA cover sheet that service was completed by email or fax.

Moreover, as noted above, opposer did not effectuate proper service by first-class mail upon applicant until May 30, 2012, notwithstanding the fact that opposer filed its notice of opposition on May 25, 2012. Since opposer secured an extension of time to oppose until June 30, 2012, its service of the notice of opposition by first-class mail on May 30, 2012 is timely; however, the effective institution date of the notice of opposition must be amended to May 30, 2012, to correspond to the date of proper service of the notice of opposition. *Cf*. *The Equine Touch Foundation, Inc. v. Equinology, Inc.*, 91 USPQ2d 1943 (TTAB 2009)(the date of institution was reset to coincide with the actual service date).

In view of the foregoing, applicant's motion to dismiss for failure to effectuate proper service is **DENIED**.

As a final matter, the Board, in its discretion, has *sua sponte* reviewed opposer's pleading and finds that its asserted claims of priority and likelihood of confusion, deceptiveness and fraud are insufficiently pleaded. Indeed, the complaint is devoid of any allegations that support the aforementioned claims. The only claim sufficiently asserted in opposer's complaint is that applicant was not the rightful owner of the mark at the time of the filing of the application.

In view thereof, opposer is allowed until **twenty (20) days** from the mailing date of this order in which to file and serve an amended notice of opposition which properly sets forth claims of priority and likelihood of confusion, deceptiveness, and fraud, or whichever of these claims, if any, may be properly asserted based on the circumstances of the case, failing which these claims will be dismissed with prejudice and the opposition will move forward only on the claim of applicant's lack of ownership.[5]

In turn, applicant is allowed until **twenty (20) days** from the date on the certificate of service of opposer's amended pleading in which to file and serve his answer or otherwise respond to the amended notice of opposition. In the event opposer does not file an amended pleading pursuant to this order, then applicant is allowed **twenty (20) days** from when opposer's amended pleading would have been due in which to file his answer to opposer's original notice of opposition, as discussed herein.

Trial Schedule

Proceedings herein are resumed. Trial dates are reset as follows:

---

[5] In light of this order, the Board's July 13, 2012 default notice is hereby set aside and applicant's response thereto filed on August 10, 2012 is deemed moot.

| | |
|---|---|
| Deadline for Discovery Conference | **11/23/2012** |
| Discovery Opens | **11/23/2012** |
| Initial Disclosures Due | **12/23/2012** |
| Expert Disclosures Due | **4/22/2013** |
| Discovery Closes | **5/22/2013** |
| Plaintiff's Pretrial Disclosures Due | **7/6/2013** |
| Plaintiff's 30-day Trial Period Ends | **8/20/2013** |
| Defendant's Pretrial Disclosures Due | **9/4/2013** |
| Defendant's 30-day Trial Period Ends | **10/19/2013** |
| Plaintiff's Rebuttal Disclosures Due | **11/3/2013** |
| Plaintiff's 15-day Rebuttal Period Ends | **12/3/2013** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

11